IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BENJAMIN PITTS                                                                                   PLAINTIFF

v.                                          Civil No. 6:15-CV-06075-SOH-BAB

CAPTAIN BRANSTETTER, *et. al.*                                                      DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, Benjamin Pitts, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are Motions to Dismiss by Arkansas State Police Defendants Dennis Morris and Russ Rhodes (ECF No. 23), and Arkansas Parole Board and Arkansas Community Correction Defendants John Felts, Ashley Vailes, Steven Simms, Courtney Henry, Kristi K. Constant, Alissa Hardlicka, and Jenna Smith. ECF No. 39.

**1.      BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on June 12, 2015. ECF No. 2. He was ordered to Amend his Complaint the same day. ECF No. 3. Plaintiff's Amended Complaint was filed in two sections on July 15, 2015. ECF Nos. 6,7. The case was transferred to this District on July 20, 2015. ECF No. 9.

Plaintiff alleges his constitutional rights were violated when he was arrested and his parole revoked. He alleges he was falsely arrested on May 7, 2014. He alleges his home and the home of his son's mother were illegally searched and personal property damaged or confiscated during

the search on May 12, 2014.  He alleges his due process rights were violated during his parole revocation hearing because he was not permitted to contact his witness, review evidence, or cross-examine the state witness.  He alleges he was the victim of police brutality because his finger was almost broken as police officers used his fingerprint to unlock his phone.  He finally alleges he was interrogated and placed in isolation for two weeks.  He alleges "Swanigan" was what Defendant Henry used to violate his parole.  ECF Nos. 2, 7.  Based on an affidavit for search warrant provided by Plaintiff, Swanigan is the name of a second suspect in the crime for which Plaintiff was arrested.  ECF No. 28-1, p. 4.

Plaintiff proceeds against all parties in their official and personal capacity.  ECF No. 2, p. 2.  Plaintiff seeks five million dollars.  ECF No. 2, p. 8.

The Arkansas State Police Defendants Dennis Morris and Russ Rhodes filed their Motion to Dismiss on March 8, 2016.  ECF No. 23.  The Arkansas Parole Board (APB) and Arkansas Community Correction (ACC) Defendants John Felts, Ashley Vailes, Steven Simms, Courtney Henry, Kristi K. Constant,[1] Alissa Hardlicka, and Jenna Smith filed their Motion to Dismiss on July 12, 2016.  ECF No. 39.

Plaintiff responded to the first motion on March 24, 2016.  ECF No. 28.  Plaintiff responded to the second motion on July 22, 2016.  ECF No. 41.

On February 1, 2017, the Court entered an Order directing the APB and ACC Defendants to clarify a statement in their brief concerning the status of Plaintiff's underlying state criminal case as it related to this § 1983 case.  ECF No. 44.  The APB and ACC Defendants did so on

---

[1] Kristi K. Constant is listed as Christina Constints on the docket.  Subsequent to the facts which gave rise to this case, Ms. Constant started employment with the United States Probation Office for the Western District of Arkansas.

February 3, 2017. ECF No. 45. In their Response, Defendants confirmed Plaintiff's trial concerning his May 7, 2014, arrest was still pending in state court. ECF No. 44, p. p. 3. His state criminal trial is currently scheduled for March 8, 2017. ECF No. 44-1.

**2.    APPLICABLE LAW**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

**3.    DISCUSSION**

The Arkansas State Police Defendants Dennis Morris and Russ Rhodes argue the case should be dismissed against them because Plaintiff did not allege any wrongdoing against them in his first Complaint. They further argue he incorrectly identified them as members of the Garland County Sheriff's office and was incorrect in his statement that they were present at his arrest on May 7, 2014. ECF Nos. 23, 24.

The Arkansas Parole Board (APB) and Arkansas Community Correction (ACC) Defendants argue the case should be dismissed against them for three reasons: (1) sovereign

immunity bars Plaintiff's official capacity claims; (2) qualified immunity bars the individual capacity claims; (3) statutory immunity bars any state law claims. EC No. 39.

It is not necessary to address these arguments at this time. In the APB and ACC brief, it is brought to light that Plaintiff's state criminal trial for the May 7, 2014, arrest is still pending. ECF No. 40, p. 7. In their Response, the APB and ACC Defendants confirmed Plaintiff's trial concerning his May 7, 2014, arrest was still pending in state court. ECF No. 44, p. 3. They correctly argue they are entitled to dismissal of all claims against them under the *Younger* abstention doctrine. ECF No. 45, p. 4.

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("federal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief.") (internal quotations omitted)).

In this case, Plaintiff's § 1983 allegations all arise from his arrest on May 7, 2014. The APB and ACC Defendants argue Plaintiff's pending criminal trial implicates important state interests, and as such, his claims should be dismissed. They further argue he has an adequate opportunity to address his constitutional challenges, including his police brutality claims for his

finger, in the pending state criminal case with the assistance of his appointed counsel. ECF No. 45, p. 6. Because the *Younger* abstention doctrine applies, all Defendants are entitled to dismissal.

To the extent it might be argued that Plaintiff's police brutality claim is not barred from consideration by the *Younger* doctrine, Plaintiff has failed to state sufficient facts to support a cognizable Eighth Amendment claim. Plaintiff alleges his finger was "almost" broken when they took his fingerprint to unlock his phone. He does not allege his finger was actually broken, or that he sustained any specific injury to his finger or elsewhere in the process. ECF Nos. 2, p. 6; 7, p. 3. The Court can find no precedent where the mere use of a finger to unlock a cell phone constituted excessive force. This is, therefore, a *de minimis* injury at most, and cannot support an Eighth Amendment excessive force claim. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*.").

### 4.   CONCLUSION

Accordingly, I recommend the Motions to Dismiss by Arkansas State Police Defendants Dennis Morris and Russ Rhodes (ECF No. 23), and Arkansas Parole Board and Arkansas Community Correction Defendants John Felts, Ashley Vailes, Steven Simms, Courtney Henry, Kristi K. Constant, Alissa Hardlicka, and Jenna Smith (ECF No. 39) be **GRANTED** and the case against them be **DISMISSED WITHOUT PREJUDICE**. I further recommend that the case be **DISMISSED** against all remaining Defendants **WITHOUT PREJUDICE**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district**

**court.**

  **DATED this 8th day of February 2017.**

                <u>/s/  Barry A. Bryant</u>
                HON. BARRY A. BRYANT
                UNITED STATES MAGISTRATE JUDGE